I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL ~~Petitioner~~
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 5-7-2014

DEPUTY CLERK

**"O"**

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY - 7 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

KIMBERLY MARIE PACE-WHITE,

        Petitioner,

  v.

DEBRA K. JOHNSON, warden,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 14-00863 AN

MEMORANDUM AND ORDER

## I. INTRODUCTION

On May 1, 2014, *pro se* petitioner Kimberly Marie Pace-White filed her pending habeas petition ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). The Petition [1], including the attached pages, is not consecutively numbered as required by Local Rule 11-2.2. For convenience and clarity, the Court cites to the pages of the Petition by referring to the pagination furnished by the Court's official CM/ECF electronic document filing system.

Pace-White is the only party who has appeared in this action and she has filed a written consent [2] to the Magistrate Judge's jurisdiction. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1118-21 (9th Cir. 2012)(magistrate judge had jurisdiction to dismiss action where prisoner consented and was the only party to the action).

///

///

## II. DISCUSSION

**A.   Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**B.   Analysis**

After carefully considering the Petition, pursuant to the Court's duty to screen § 2254 petitions before service, the Court finds it must be dismissed because it plainly appears that Pace-White is using the Petition to challenge the conditions of her confinement, not the legality or duration of a state conviction and related prison sentence. (Pet. at 2, 5-6.)

Specifically, the Petition reflects Pace-White is currently being detained at the Central California Women's Facility, Chowchilla ("CCWF"). (Pet. at 2.) The Petition specifies the reason for Pace-White's detention is "Penal Code 187 and unknown." (*Id.*) Pace-White states that September 2000, is the date of her conviction and sentence that she sustained in the California Superior Court for San Bernardino County (case no. FMB023539) (*Id.*).

However, Pace-White's Petition raises the following five grounds that are directed at the conditions of her confinement:  (1) "right to fair CDCR medical treatment and to refuse medication: birth control, naproxen, pain meds, etc."; (2) "right to fair medical treatment CDCR rules: to accomodation (*sic*) chrono from visually impaired to Rx glasses"; (3) "right to fair CCWF fair housing and not be discriminated by staff and retalitory (*sic*) punishment"; (4) "right to exercise constitutional amendment rights (ex. 5th, 10th, 4th) and not receive rules violation CDCR 15"; and (5) "right to fair CDCR Title 15 rules violation and not be singled-out discriminated when not applicable." (*Id.* at 5-6.)

**1.     The Petition must be dismissed since it is directed at Pace-White's conditions of confinement rather than the legality or duration of her custody arising from her state conviction or sentence.**

A habeas corpus petition can only be used to challenge the legality or duration of a prisoner's confinement; in contrast, a civil rights action is the proper mechanism for challenging conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (prisoner must bring condition of confinement claims by way of a civil rights complaint brought pursuant to 42 U.S.C. § 1983 ("§ 1983"), not a habeas corpus petition).

Further, a district court only has jurisdiction to consider a § 2254 petition that is brought by a person in state custody pursuant to a state judgment of conviction or sentence who claims his state custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a). It plainly appears from the Petition that Pace-White is challenging the conditions of her confinement, not the legality or duration of an underlying state conviction and sentence. Therefore, the Court finds the Petition is subject to summary dismissal pursuant to Habeas Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656, 125 S. Ct. 2562 (2005) ("Under Habeas Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading.")

**2.     The Court declines to construe the Petition as a civil rights complaint.**

Although this Court has the discretion to convert the pending habeas petition to a prisoner civil rights case in appropriate circumstances, *see Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378 (2006), the Court finds it would be inappropriate to do so here for the following reasons.

Prisoner civil rights actions under § 1983 are subject to different requirements than federal habeas proceedings under § 2254. The filing fee for a prisoner civil rights complaint is $350.00 compared to the substantially lower $5.00 filing fee for habeas petitions. 28 U.S.C. § 1914(a). Prisoners seeking to bring civil rights actions *in forma pauperis* ("IFP") must also qualify for IFP status and become financially responsible for paying the full $350.00 filing fee from their prison trust accounts.  28 U.S.C. §1915(b)(1).

Further, the Prison Litigation Reform Act has amended 42 U.S.C. § 1997e to provide

that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement imposed by § 1997e(a) applies to all claims relating to prison life that do not implicate the duration of a prisoner's sentence, *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002), and it is a mandatory prerequisite to bringing a civil rights action that cannot be waived by a district court. *Ngo*, 548 U.S. at 85; *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819 (2001). "If the district court concludes that the prisoner has not exhausted nonjudicial remedies [in a § 1983 case], the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2002). In order to make sure that a prisoner has complied with the foregoing exhaustion requirements, this Court requires prisoners bringing § 1983 civil rights actions to use the Court-approved civil rights complaint form, which contains instructions that are tantamount to general orders of this Court and require the inmate to "attach copies of papers related to the grievance procedure." Civil Rights Complaint Form CV-66, page 3; *see Brady v. Attygala,* 196 F. Supp. 2d 1016, 1018 (C.D. Cal. 2002).

Pace-White's Petition and IPF application are not prepared on this Court's approved forms, which are currently Civil Rights Complaint Form (CV-066) and Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-060P). Further, Pace-White has not agreed in writing to pay the required $350.00 filing fee to file a prisoner civil rights complaint. Nor has she authorized prison officials to withdraw funds from her prison trust account to make installment payments on the $350.00 filing fee for a § 1983 action. Under the circumstances, the Court finds it would be unreasonable to simply presume that Pace-White would continue to pursue this action if she knew she would ultimately be obliged to pay the $350.00 regardless of the outcome, and that her prisoner trust account would be debited until the entire fee was paid in full. In this regard, the Court finds it also inappropriate to construe Pace-White's Petition as a prisoner civil rights complaint because the allegations also fail to state a cognizable § 1983 claim.

1       Based upon the foregoing, the Court finds it is inappropriate to construe the petition
2 as a civil rights complaint and declines to do so.

3                               **III. Conclusion**

4       For the reasons set forth above, the petition is summarily dismissed without prejudice.
5 All pending motions are denied as moot and terminated. A judgment of dismissal of the
6 entire action shall be entered accordingly.

7

8     **IT IS SO ORDERED.**

9

10

11 DATED:  May 7, 2014

12                           ARTHUR NAKAZATO
                       UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28